# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-OPELOUSAS  DIVISION

| | | |
|---|---|---|
| JANETTE R. LANDRUM | * | CIVIL ACTION NO. 06-0845 |
| VERSUS | * | JUDGE DOHERTY |
| GEICO GENERAL INS. CO. | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned is a determination on jurisdictional amount in accordance with the Court's routine procedures.  Based on the following reasons, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE** for lack of federal subject matter jurisdiction.

## Background

Plaintiffs, Janette and Scott Landrum ("Landrum"), filed this personal injury action directly in federal court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  On November 16, 2006, the undersigned issued an Order directing plaintiffs to file a memorandum setting forth specific facts in controversy which supported a finding that the jurisdictional amount exists.  (rec. doc. 12).  In accordance with the Court's order, plaintiffs filed a Memorandum on Jurisdictional Amount on November 30, 2006.  (rec. doc. 13).

On December 11, 2006, defendant, GEICO General Insurance Company ("GEICO"), filed a response to the order, asserting that this Court does not have jurisdiction because Landrum's claim is limited to $25,000 under the uninsured/underinsured insurance policy issued by GEICO.  (rec. doc. 14).   On December 19, 2006, the undersigned held a telephone conference with the parties, and issued an Order allowing plaintiff twenty-one (21) days to file an additional pleading setting the basis for jurisdictional amount.  (rec. doc. 16).  Plaintiff has not filed any response.  Accordingly, the undersigned took this matter under advisement. (rec. doc. 17).

## Law and Analysis

Plaintiffs brought this suit for personal injuries sustained by Janette R. Landrum on May 22, 2004, while she was a passenger in a vehicle driven by her husband, Scott Landrum, in Biloxi, Mississippi.  She alleges that she was injured when a car operated by Carol Mahan struck the rear of the vehicle in which Janette Landrum was a passenger.  She asserts damages for past and future physical pain and suffering, past and future mental pain and suffering, past and future medical expenses, past and future loss of income and/or loss of earning capacity, past and future loss of enjoyment of life and inconvenience, and permanent disability.  Scott Landrum and the Landrums' son, Christopher Landrum, asserted claims for loss of

consortium.   The plaintiffs also asserted claims for penalties and attorney's fees against GEICO pursuant to Louisiana law.

GEICO asserts that because the uninsured/underinsured insurance policy issued to the Landrums has policy limits of $25,000, the claim is limited to that amount. (rec. doc. 14, Exhibit A).  Thus, GEICO argues, plaintiffs cannot satisfy the $75,000 threshold for the amount in controversy requirement.

The burden of establishing the amount in controversy rests on the party who invokes the federal court's jurisdiction, here, the Landrums.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  It is undisputed that the policy issued by GEICO to the Landrums has an uniunsured motorist coverage limit of $25,000.  (rec. doc. 14, Exhibit A).  28 U.S.C. § 1332(a) requires an amount in controversy in excess of $75,000.  The claim against GEICO does not meet this requirement.   If it appears to a legal certainty that a claim is less than the jurisdictional amount, there is no federal jurisdiction.  *Payne v. State Farm Mutual Automobile Insurance Co.*, 266 F.2d 63, 64 (5th Cir. 1959).

Several courts within this Circuit have held that when an insurer's policy limits are less than the jurisdictional amount, there is no diversity jurisdiction.  *Miranti v. Lee*, 3 F.3d 925, 927 (5th Cir. 1993); *Blansett v. American Employers Insurance Company*, 652 F.2d 535, 537 (5th Cir. 1981); *Doucet v. Traveler's Insurance Co.*, 362

F.2d 263 (5th Cir. 1966); *Carpenter v. Illinois Central Gulf Railroad Company*, 524 F.Supp. 249, 253 (M.D. La. 1981).   The Fifth Circuit has recognized that in ascertaining the amount in controversy, items in addition to policy limits, such as potential attorney's fees, penalties, statutory damages, and punitive damages, may be considered when the insurer could be liable for these sums under state law.  *St. Paul*, 134 F.3d at 1253; *Scottsdale Insurance Company v. Domangue*, 1999 WL 1041908 (E.D. La. Nov. 15, 1999).  However, as Landrum has not filed a response, Landrum has not demonstrated the applicability of any of these additional items.

As for the loss of consortium claims asserted by Scott Landrum and Christopher Landrum, Louisiana courts have held that such claims are derivative of the primary victim's injuries and are not a separate bodily injury.[1]  *Ferrell v. Fireman's Fund Ins. Co.*, 96-3028 (La. 7/1/97); 696 So.2d 569, 574; *Aucoin v. Doerner*, 98-255 (La. App. 5 Cir. 8/25/98); 717 So.2d 1239, 1240.  Thus, the loss of consortium claims must be derived from those maximum limits of $25,000 for the injury to Mrs. Landrum.  *Id*.  Based on the face of the complaint, the requisite jurisdictional amount is lacking and, therefore, the Court has no subject matter jurisdiction.

---

[1] In a diversity case, Louisiana law governs the applicable standard of contract interpretation. *In re Liljeberg Enterprises, Inc*. 304 F.3d 410, 439 (5th Cir. 2002).

## Conclusion

Based on the foregoing reasons, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE** due to lack of federal jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed February 16, 2007, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE